JACKSON COUNTY BANK, Respondent, vs. PARSONS and another, Appellants.

*November 8 — November 29, 1901.*

*Promissory note: Payment: Banks and banking.*

An agreement of the cashier with borrowers at a bank that he would pay their note when it became due out of money which he would then owe one of them, and his subsequent retention of enough of such money to pay the note, and his statement to them that he had paid it, do not constitute any defense to an action on the note.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action upon two promissory notes, for $50 each, given by the defendants on May 31 and June 8, 1894, respectively, and payable four months after date to the Jackson County Bank. The defendants by their answer admitted the making of the notes, but alleged that when given it was agreed

that they should be paid out of the interest of a certain note of $2,000 theretofore given by O'Hearn (then cashier of the said bank) and one Jones to the defendant *Elmira Parsons;* that the notes in suit were paid in accordance with such agreement in October, 1894, out of the interest, amounting to $160, which then fell due on the $2,000 note. The action was tried by a jury.

It appeared from the evidence that the Jackson County Bank, the original owner of the notes, failed in September, 1896, and that all of its property was sold by the receiver of said bank in 1897 to the new *Jackson County Bank*, the plaintiff in this action, which was incorporated in August, 1897; that one W. R. O'Hearn was the cashier of the old Jackson County Bank when the notes in suit were given; that O'Hearn and one R. C. Jones on the 1st of October, 1891, executed a note, payable one year after date, in the sum of $2,000, to the defendant *Elmira Parsons*, for money then borrowed by them of the said *Elmira*, the interest on said note running at the rate of eight per cent. per annum, and said note being still outstanding when the notes in this action were given; that Jones and O'Hearn each paid annually on the 1st of October one half of the interest on said $2,000 note. The defendants' evidence further tended to show that in May, 1894, the defendant *Elmira* wished to borrow $50 of the Jackson County Bank, and that she and her son, the defendant *Frank A. Parsons*, went to the bank and asked O'Hearn, the cashier, for such loan. The defendant *Frank Parsons* states that O'Hearn stated at that time that he was unable to advance the interest on the $2,000 note, but that the bank would loan her the money on his (*Frank's*) surety, and that when the interest on the $2,000 note became due, on the 1st of October, the $50 would be paid from the interest money; the understanding was definite and clear that the note given should be paid from the interest money due on the O'Hearn and Jones note. The same ar-

rangement was made as to the payment of the second note given to the bank. *Frank Parsons* further testifies that he acted as his mother's agent in making this arrangement; that in October, 1894, he went to the bank to collect the interest on *Elmira Parsons's* note, and to settle the notes described in the complaint; that O'Hearn figured up the interest due on the notes in suit, and took the principal and interest out of the $160, and paid him the balance in cash, and he indorsed upon the $2,000 note, "Interest paid to October 1st, 1894;" that O'Hearn requested him to leave the notes there for a time, in order to show them to Mr. Jones, because Jones had not paid his proportion of the interest, and that he then left the notes, and the next he heard of them they were in the hands of the receiver. It appears conclusively from the evidence that the bank never had possession of the $2,000 note, and, as matter of fact, that O'Hearn never paid the bank the amount due upon the notes in suit.

Upon these facts the court directed a verdict for the plaintiff for the principal and interest of the notes in suit, and the defendants appeal.

For the appellants there was a brief by *Pope & Pope,* and oral argument by *Carl C. Pope.* To the point that the cashier and manager of the bank acted within the scope of his authority when he made the agreement with reference to the method of payment of the notes sued on, they cited Story, Agency (4th ed.), § 114; Boone, Banking, § 353; 1 Wait, Actions & Defenses, 519; Wharton, Agency, § 684.

*G. M. Perry,* for the respondent, to the point that the agreement of the cashier was not binding on the bank, cited *Ft. Dearborn Nat. Bank v. Seymour,* 71 Minn. 81.

Winslow, J. The sum and substance of the supposed defense of payment is that the cashier agreed with the defendants when they gave the notes in suit that he would pay

them when they fell due, and that they supposed he did pay them, but the fact is undisputed that he did not pay them. It seems needless to say that this state of facts constitutes no defense. The agreement of the cashier with a borrower at the bank that he will pay the note when it falls due, and his statement to the debtor that he has paid it when due, cannot constitute payment. **There must** have been actual payment.

*By the Court:*— Judgment affirmed.